IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DROPZONEMS, LLC,

    Plaintiff,

v.

STEVEN COCKAYNE et al.,

    Defendants.

No. 3:16-cv-02348-YY

OPINION AND ORDER

**MOSMAN, J.,**

On February 27, 2019, Magistrate Judge Youlee Yim You issued her Findings and Recommendation (F&R) [88], recommending that Plaintiff's Motion for Leave to Amend [54] should be denied. Plaintiff filed Objections to the F&R [99], and Defendants filed a Response [105].

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are

1 – OPINION AND ORDER

addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The F&R recommends that I deny Plaintiff's Motion for Leave to File a Second Amended Complaint and to Amend Schedule [54]. Plaintiff's motion asks the court to grant leave to file a second amended complaint, reset expert disclosure and discovery deadlines, and extend fact discovery. Plaintiff makes four objections to the F&R, arguing: (1) that the right to take expert depositions is mandatory, not permissive; (2) that the expert disclosure deadline has not yet come due; (3) that its prior counsel's health issues constitute good cause to modify the schedule; and (4) that the F&R did not sufficiently analyze undue prejudice.

DropzoneMS's first and second objections relate to the scheduling of deadlines for expert disclosure and expert discovery and a party's right to conduct expert discovery. Plaintiff argues that because no deadline was set for expert disclosure, the deadline should be dictated by Federal Rule of Civil Procedure (FRCP) 26(a)(2)(D). FRCP 26(a)(2)(D) states that if the court has not set a deadline for expert disclosures, disclosures must be made at least 90 days before trial. Since no trial date has been set, Plaintiff argues that the deadline for expert disclosures has not come due. Further, Plaintiff argues it would be illogical to have expert discovery close before expert disclosures because Plaintiff cannot conduct expert discovery if it does not know who the other side's experts are. Plaintiff argues that the language of FRCP 26(b)(4)(A) accords it a right to discover any experts who have been disclosed.

The F&R acknowledges that no deadline was set for expert disclosure but finds that because the deadline for expert discovery was set, expert disclosure must logically have closed

before that deadline. I agree. Whether FRCP 26(b)(4)(A) is permissive or mandatory is irrelevant, because Defendants provided Plaintiff with expert disclosures within the deadline of expert discovery. If Plaintiff wanted more time to serve its own expert disclosures or depose the experts disclosed by Defendant, Plaintiff could have asked for an extension before the deadline expired. Plaintiff did not do so, and therefore missed its opportunity to depose Defendants' experts.

Plaintiff next objects to the finding that the illness of its prior counsel did not constitute good cause to modify the schedule through an untimely amendment. Plaintiff argues that the fact that its counsel did not take any substantive action on the case after falling ill demonstrates good cause to allow leave to amend. Judge You disagrees, finding that Plaintiff's counsel's lack of activity shows a lack of diligence, and because diligent action is a prerequisite to demonstrating good cause, Plaintiff cannot show good cause. I agree with this finding. Plaintiff has not demonstrated that its time was used diligently. It may seem unjust to Plaintiff that it has been let down by its prior counsel, but Plaintiff selected this counsel.

Plaintiff's final objection is that the F&R did not thoroughly analyze the finding that Defendants would be prejudiced if Plaintiff is allowed to amend its pleading. Judge You conducted her analysis in two steps, first analyzing whether Plaintiff made a successful showing of good cause under Rule 16, and if so, whether granting leave to amend would cause undue delay or prejudice under Rule 15. The initial problem with Plaintiff's objection is that the F&R found Plaintiff had not demonstrated good cause to amend the scheduling order under Rule 16. Despite the finding of failure to satisfy Rule 16—as discussed in the previous objection—the F&R still analyzed the elements of a Rule 15 amendment as briefed by the parties.

The F&R focuses on two factors—undue delay and undue prejudice. While Plaintiff may wish for a more robust and meticulous analysis of undue prejudice, I find the discussion in this section sufficient and sound. The main focus of the undue prejudice analysis is the reopening of discovery which would further delay litigation and impose additional costs on Defendants in discovery and attorney fees. These are all arguments Defendants made strongly in their response to Plaintiff's Motion for Leave to Amend, and they are all valid arguments to consider in a Rule 15 analysis.

## CONCLUSION

Upon review, I agree with Judge You's recommendation and I ADOPT the F&R [88] as my own opinion. Plaintiff's Motion for Leave to Amend [54] is DENIED.

IT IS SO ORDERED.

DATED this 31 day of May, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge